# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI JOOBEEN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA POLICE | : | NO. 09-1376 |
| DEPARTMENT, et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

GENE E.K. PRATTER, J.                                                              FEBRUARY 28, 2011

In response to *pro se* Plaintiff Ali Joobeen's complete disengagement from the litigation process and procedures in this action, the Defendants have filed motions to dismiss the case. Specifically, the City of Philadelphia, the Philadelphia Police Department, Police Commissioner Charles Ramsey, and Police Officers Fernando Garcia and Beth Babbs (collectively, "City Defendants") filed the Defendants' Motion to Dismiss for Lack of Prosecution (Docket No. 25) (the "City Motion"). They assert that this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). The second motion is the Defendants CAMCO Management Co.'s and Marie O'Brien's Motion to Dismiss Plaintiff's Complaint (Docket No. 23) (the "CAMCO Motion"), in which CAMCO Defendants argue that there are grounds to dismiss the action under Federal Rule of Civil Procedure 37(d), or in the alternative, to compel Mr. Joobeen to participate in pretrial discovery and his own deposition. Despite notice and opportunity, Mr. Joobeen has not provided any response to either of these Motions.

The motions are unopposed and are properly granted. The Court also *sua sponte* dismisses the claims against remaining Defendants John Doe 1 (Police Driver of Tow Truck

#G12, Vehicle #97503), John Doe 2 (Police Officer Badge #4799), and John Doe 3 (Police Officer Badge #8900).

**BACKGROUND**

This action was removed to this Court from the Montgomery County Court of Common Pleas on March 31, 2009. Thereafter, City Defendants and CAMCO Defendants filed their respective answers to Mr. Joobeen's Complaint (Docket Nos. 4 and 12), and the Court issued a Scheduling Order (Docket No. 22), establishing discovery and other pre-trial deadlines.

Defendants Philadelphia District Attorney's Office, former Philadelphia District Attorney Lynne Abraham, and Assistant District Attorneys Jennifer Kralle and Kristen M. DeYoung (collectively, "DA Defendants") filed a 12(b)(6) motion to dismiss all claims against them (Docket No. 15). In response to that motion, on July 22, 2009 Mr. Joobeen filed what was to be his last communication with the Court, a 106-page opposition brief (Docket No. 18). The Court granted the DA Defendants' Motion on the basis of these Defendants' immunity to various federal and state law claims. *See Joobeen v. City of Philadelphia Police Dept.*, Civil Action No. 09-1376, 2010 WL 844587 (E.D. Pa. Mar. 4, 2010).

Following the disposition of the DA Defendants' motion to dismiss, Mr. Joobeen exhibited no interest in pursuing the remaining claims against the remaining Defendants. Mr. Joobeen failed to provide the initial discovery disclosures required by the Federal Rules of Civil Procedure. CAMCO Motion at ¶ 3; Oct. 1, 2010 Tr. at 6. He also failed to send any correspondence to the City Defendants after the action began. City Motion at 4.

Moreover, Mr. Joobeen declined to cooperate with opposing counsel to schedule his deposition. Oct. 1, 2010 Tr. at 6. CAMCO Defendants and City Defendants subsequently agreed

upon a date for Mr. Joobeen's deposition, and on May 14, 2010 the CAMCO Defendants sent Mr. Joobeen a Notice of Deposition for June 4, 2010 by certified mail, which was not returned as undeliverable. City Motion at 4; CAMCO Motion at ¶¶ 4-7. In conversations with counsel for CAMCO Defendants and City Defendants, Mr. Joobeen did express that he would not participate in a deposition. Oct. 1, 2010 Tr. at 6, 9. Indeed, he did not appear on June 4, 2010 for his noticed deposition. City Motion at 4; CAMCO Motion at ¶ 8.

Mr. Joobeen continued to disregard this Court's Scheduling Order after the discovery period ended on June 7, 2010. *See* Scheduling Order (Docket No. 22). In accordance with the Scheduling Order, CAMCO Defendants filed a motion for summary judgment on August 25, 2010 (Docket No. 24), to which Mr. Joobeen did not respond.[1] Both CAMCO Defendants and City Defendants also complied with the Court's Scheduling Order requiring them to file pretrial memoranda by September 22, 2010. *See* Defendant CAMCO Management Co. et. al. and Marie O'Brien's Pre-Trial Memorandum (Docket No. 26); Defendant, City of Philadelphia's Pretrial Memorandum (Docket No. 28). However, Mr. Joobeen failed to comply with the Court's Scheduling Order in any respect and certainly did not file a pretrial memorandum.

Recognizing that the Scheduling Order set a final pretrial conference on October 1, 2010, the Court issued an order on September 21, 2010 (Docket No. 27), giving notice to Mr. Joobeen that the conference would proceed as scheduled. That Order also stated that the pending motions to dismiss would be addressed as unopposed if Mr. Joobeen did not provide under oath a "good

---

[1] Because of the Court's decision to grant CAMCO Defendants' motion to dismiss all claims against the CAMCO Defendants, the Court is not considering the merits of their motion for summary judgment.

faith explanation for the lack of any response" to the pending motions.[2] This Order was mailed to Mr. Joobeen at his address of record. Oct. 1, 2010 Tr. at 2. The docket does not reflect that it was returned as undeliverable. *Id.* Mr. Joobeen failed to appear at the scheduled hearing. *Id.* Subsequent to the hearing and until the date of this decision, the Court has not received any communications from Mr. Joobeen.

## STANDARD OF REVIEW

In light of the two pending motions to dismiss, two Federal Rules of Civil Procedure apply here. First, City Defendants raise Fed. R. Civ. P. 41(b), which provides that a defendant may move to dismiss an action against it, when "the plaintiff fails to prosecute or to comply with these rules or a court order." Second, CAMCO Defendants raise Fed. R. Civ. P. 37(d), which permits the Court to dismiss an action against a defendant as a sanction for the plaintiff's failure to appear for a properly noticed deposition.

Because the relief sought is dismissal of the action against City Defendants and CAMCO Defendants, respectively, often the Court is required first to consider certain specific factors established by the Court of Appeals for the Third Circuit. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). However, the Court need not pursue a *Poulis* analysis when a plaintiff willfully refuses to prosecute his action. *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (affirming the district court's decision to *sua sponte* dismiss some of the plaintiff's

---

[2] The relevant portion of the Order provided: "[A]t the upcoming conference Plaintiff Ali Joobeen shall be prepared to explain to the Court under oath Plaintiff's failure to respond to the motion to dismiss, filed June 4, 2010 (Docket No. 23), motion for summary judgment, filed August 25, 2010 (Docket No. 24), and motion to dismiss for lack of prosecution, filed August 27, 2010 (Docket No. 25). If Plaintiff fails to provide a good faith explanation for the lack of any response to the aforementioned motions the Court will proceed to address the motions as unopposed." Sept. 21, 2010 Order (Docket No. 27).

claims, because "in contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward, [the plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court").

**DISCUSSION**

As the procedural history of this case aptly illustrates, Mr. Joobeen is a plaintiff who is entirely disengaged from this action. Mr. Joobeen's conduct demonstrates that he does not intend to proceed in prosecuting the action against any of the remaining Defendants. He repeatedly has failed to follow the Court's rules, just as he has also failed to cooperate with the opposing parties on discovery matters, *inter alia*, most notably by failing to provide initial pretrial disclosures and failing to appear for his properly noticed deposition. Indeed, he went so far as to inform opposing counsel that he would not appear for his deposition.

Furthermore, by failing to file a pretrial memorandum and not appearing for the final pretrial conference, Mr. Joobeen violated the Court's Scheduling Order. Mr. Joobeen has not communicated with the Court since July 22, 2009, even in spite of the Court's September 22, 2010 Order which served to remind Mr. Joobeen of the final pretrial conference established in the Court's Scheduling Order. Because Mr. Joobeen did not respond to the motions to dismiss and motion for summary judgment, and did not appear for the final pretrial conference to explain his failure to respond to those three motions, the Court concludes that Mr. Joobeen does not oppose the two motions to dismiss. Moreover, his lack of response to the pending motions confirms the Court's determination that he has willfully abandoned this action.

Although there is certainly a basis for granting the alternative relief that the CAMCO Defendants seek in their motion—an order compelling Mr. Joobeen to provide initial pretrial disclosures and to participate in his deposition—dismissal of the action is entirely appropriate in these circumstances.

First, Mr. Joobeen deserted his case and, in the process, obligated the opposing parties to engage in costly and time consuming motion practice to achieve dismissal of the claims against them.[3]  Second, as CAMCO Defendants and City Defendants have articulated, if they were required to continue to defend the litigation, they have been prejudiced by Mr. Joobeen's lack of cooperation.  This is particularly true for discovery purposes, as both Defendants are handicapped in defending the claims without his participation.  For example, City Defendants have noted that the Philadelphia Police Department cannot identify any paperwork concerning the facts underlying Mr. Joobeen's claims without Mr. Joobeen providing more information, because his Complaint does not provide sufficient identifying information.  Oct. 1, 2010 Tr. 6-7.  Because of the burden that City Defendants and CAMCO Defendants face in continuing their defense without Mr. Joobeen's required cooperation, it would be inappropriate to prolong this action.  Accordingly, the Court finds it is appropriate to grant both motions to dismiss.

Additionally, because Mr. Joobeen has failed to prosecute the action with respect to all remaining Defendants, and has failed to follow the Court's rules and Scheduling Order, the Court *sua sponte* dismisses the remaining claims against Defendants John Doe 1 (Police Driver of Tow Truck #G12, Vehicle #97503), John Doe 2 (Police Officer Badge #4799), and John Doe 3 (Police

---

[3] The Court notes that Mr. Joobeen could have simply invoked the procedures available under the Federal Rules of Civil Procedure that permit plaintiffs to voluntarily dismiss actions. *See, e.g.*, Fed. R. Civ. P. 41(a)(1).  This option would have been more economical for all concerned.

Officer Badge #8900). *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' . . . ."); *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n.7 (3d Cir. 2008) ("District Court ha[s] inherent power to dismiss the case sua sponte for failure to follow its orders.") (citing *Link*, 370 U.S. at 630-31; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992)).

## **CONCLUSION**

For the reasons set forth above, the Court grants the motions to dismiss filed by City Defendants' and CAMCO Defendants. The Court also *sua sponte* dismisses the claims against the remaining defendants for lack of prosecution. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge